cc: USBK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | 5:21-cv-01907-JWH | Date | February 17, 2022 |
|---|---|---|---|
| Title | *Brian Jay Buenviaje v. Leticia Charnetsky, et al.* | | |

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   ORDER (IN CHAMBERS)

Before the Court is the unopposed motion of debtor and debtor-in-possession Brian Jay Buenviaje for an order withdrawing the reference in connection with an adversary proceeding currently pending before the U.S. Bankruptcy Court for the Central District of California: *Buenviaje v. Charnetsky*, Adversary No. 2:19-ap-01230-VZ (the "Adversary Proceeding").[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support, the Court orders that the Motion is **GRANTED**, as set forth herein.

On July 18, 2019, Buenviaje filed an Adversary Complaint for Sanctions against Defendants Leticia Charnetsky, an individual and trustee; Victor C. Charnetsky, an individual and trustee; The Family Trust of Victor C. Charnetsky and Leticia L. Charnetsky, a Revocable Trust; Crewe Street Acquisition, LLC; Victor S. Charnetsky, an individual and Managing Member; Catanzarite Law Corporation; Kenneth J. Catanzarite; Eric V. Anderton; and Roes 1-30, thereby

---

[1]   Mot. to Withdraw the Reference in Adversary Proceeding (the "Motion") [ECF No. 1].

commencing the Adversary Proceeding.[2]  Defendants answered on October 4, 2019, and demanded a jury trial.[3]  The Bankruptcy Court determined that Defendants had a right to a jury trial on this matter, and Buenviaje does not consent that the Bankruptcy Court may conduct the jury trial.[4]  Buenviaje believes that the United States District Court should conduct the jury trial, and, accordingly, he filed a stipulation in the Bankruptcy Court to transfer the Adversary Proceeding to the District Court.[5]  The Bankruptcy Court entered an order denying the stipulation because it could not simply transfer the Adversary Proceeding to the District Court; instead, for the District Court to assume jurisdiction over the Adversary Proceeding, the District Court must withdraw the reference.[6]

     The Court finds Buenviaje's arguments meritorious.  Because the parties are entitled to a jury trial and Buenviaje does not consent that the Bankruptcy Court may conduct that jury trial, the motion is **GRANTED**.  The Court hereby **WITHDRAWS** the reference in connection with the Adversary Proceeding.

     **IT IS SO ORDERED.**

---

[2]     *Id.* at ¶ 6.

[3]     *Id.* at ¶ 7.

[4]     *Id.* at ¶¶ 9 & 10.

[5]     *Id.* at ¶ 11.

[6]     *Id.*; *id.*, Ex. A.