Onyinye Anyama Esq. (SBN: 262152)
**Anyama Law Firm | A Professional Corporation**
18000 Studebaker Road, Suite 325
Cerritos, CA 90703
Tel: (562) 645-4500 Fax: (562) 645-4494

Counsel for Plaintiff Brian Jay Buenviaje
Debtor and Debtor in Possession

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JAY BUENVIAJE,<br><br>                        Plaintiff,<br><br>v.<br><br>LETICIA CHARNETSKY, an individual and trustee; VICTOR C. CHARNETSKY, an individual and trustee; THE FAMILY TRUST OF VICTOR C. CHARNETSKY AND LETICIA L. CHARNETSKY, a Revocable Trust; CREWE STREET ACQUISITION, LLC; VICTOR S. CHARNETSKY, an individual and Managing Member; CANTANZARITE LAW CORPORATION; KENNETH J. CANTANZARITE, ERIC V. ANDERTON and Roes 1-30<br>                        Defendants. | Case No.   5:21-cv-01907-JWH<br><br>**JOINT RULE 26(F) REPORT**<br><br><br>SCHEDULING CONFERENCE<br><br>DATE:    July 8, 2022<br>TIME:    11:00 a.m.<br>CTRM:   2<br><br>U.S. District Court<br>3470 Twelfth St.<br>Riverside, CA 92501 |

Plaintiff Brian Jay Buenviaje ("Plaintiff") and Defendants Leticia Charnetsky, Victor C. Charnetsky, the Family Trust of Victor C. Charnetsky and Leticia L. Charnetsky, Crewe Street Acquisitions, LLC, Victor Charnetsky, Kenneth J. Catanzarite, Catanzarite Law Corporation and Eric V. Anderton (collectively, "Defendants") hereby submit this Joint Rule 26(f) Report in accordance with this Court's Order Setting Scheduling Conference entered May 13, 2022.

1. **Statement of the Case**

   a. **Plaintiff's Statement**

   Plaintiff contends that Defendants, and each of them, have for more than three years prior to the filing of the adversary proceeding in Bankruptcy Court undertaken a vexatious campaign to file as many pleadings as possible in a "scorched earth" attempt to force Plaintiff to capitulate to Defendants. The pleadings filed by Defendants precluded Plaintiff from filing its plan of reorganization and disclosure statement since the amounts, validity and secured status of Defendants' claims created too many variables to file a coherent plan.  .As a result, Plaintiff was forced to file numerous motions with this Court seeking a continuance of the deadline for Plaintiff to file its disclosure statement and plan of reorganization. Although each such motion was granted, such continuances caused a three-year delay and drastically increased Plaintiff's fees and costs with respect to the plan process. Since all of the litigation filed by Defendants was ultimately dismissed as meritless, such delays and increased costs were absolutely unnecessary.

   b.  **Defendants' Statement**

   This plaintiff is one of three plaintiffs and debtors who each filed an identical complaint listing identical injuries and damages without regard to the real party of interest in each case. In other words, Plaintiff is also suing for abuse of process in the Rosalinda Buenviaje and LBJ Healthcare Partners Inc. cases notwithstanding Plaintiff was not a party to either proceeding.

Thus, Brian Buenviaje, Rosalinda Buenviaje and LBJ Healthcare Partners, Inc. are collectively referred herein by Defendants as "Plaintiffs" or "Debtors". Defendants are secured creditors of Plaintiffs with obligations dating back nearly 15 years now with no payments. During a judicial foreclosure action seeking foreclosure on certain real property commonly known as the Crewe Street Property, Plaintiffs filed individual and separate bankruptcy actions. During the course of the bankruptcy, Plaintiffs made no payments on any outstanding obligations owed to Defendants. The Plaintiffs have attempted every trick in the book in attempt to eliminate reduce Defendants claims against Plaintiffs including Plaintiffs commencement of fraudulent transfer actions which alleged that a properly recorded judgment lien constituted a fraudulent transfer. Notwithstanding judgment in said fraudulent transfer action was in Defendants favor, Defendants defense in that case is among the conduct that Plaintiff contends constitute an abuse of process. Debtors' mirrored contention that all of Defendants litigation was dismissed as meritless is just plain wrong as the majority of the adversary proceedings commenced were brought per code and voluntarily dismissed. Delay of the bankruptcy proceedings was always Plaintiffs favor as the longer they persisted in bankruptcy, the longer they could refuse payment to Debtors. Indeed, even the instant action is a delay tactic as plaintiffs rely on it as a basis under the confirmed plan to withhold payments under the confirmed Joint Plan.

    2. **Subject Matter Jurisdiction**

        a. **Plaintiffs Position**

1.    This Court has jurisdiction over this adversary proceeding under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. This adversary proceeding is commenced pursuant to, without limitation, Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a).

3. Venue in this Court is proper pursuant to, without limitation, 28 U.S.C. §1409, as this adversary proceeding arises under and in connection with a case under Title 11 of the United States Code which is pending in this judicial district.

4. This is a core proceeding pursuant to, and as defined by, without limitation, 28 U.S.C. § 157(a), (b)(2)(A), (B), (C), (E), (F), (K) and (O).

    b. **Defendants Position**

The Bankruptcy Court allowed Plaintiffs to maintain the instant action as a claim for abuse of process under 11 U.S.C. §105 (a). Section 105(a) does not create a private right of faction for abuse of process. Indeed no section of the Bankruptcy Code creates a private right of action for abuse of process. Necessarily, Plaintiffs claims arise out of state law and are governed by state law. There is no diversity jurisdiction between Plaintiffs and Defendants and no federal question, thus, there is a lack of subject matter jurisdiction.

    3. **Legal Issues**

    a. Plaintiff's Statement

Whether Defendants are guilty of an abuse of process under 11 U.S.C. §105(a) or otherwise. If such an abuse has occurred, the amount of such sanctions must be determined by this Court.

    b. Defendants' Statement

11 U.S.C. §105(a) does not create a private right of action for abuse of process. Absent a federal common law claim for abuse of process (for which Defendants can find none), Plaintiff's abuse of process claim must be resolved under California law.

4. **Parties, Evidence**

   a. The parties are:

   Plaintiff: Brian Jay Buenviaje.

   Defendants: Leticia Charnetsky, Victor C. Charnetsky, the Family Trust of Victor C. Charnetsky and Leticia L. Charnetsky, Crewe Street Acquisitions, LLC, Victor S. Charnetsky, Kenneth J. Catanzirite, Catanzirite Law corporation and Eric Anderton.

   b. the evidence Plaintiff intends to use includes:

   *Filings*: The pleadings filed by Defendants against Plaintiff, the pleadings he filed in his defense, and the rulings on the matter.

   Depositions: The transcripts of the depositions conducted of Defendants.

   <u>Discovery responses</u>: Defendants' responses to Plaintiff's written discovery requests including document requests.

   <u>Witnesses</u>: Seven Witnesses. Each of Defendants, counsel for each of the related Plaintiffs, LBJ Healthcare Partners, Inc. Brian Jay Buenviaje and Rosalinda Buenviaje.

   <u>c</u>. the evidence Defendants intends to use includes:

       1. Plaintiff's April 21, 2016 Voluntary Petition for Bankruptcy with Schedules (the "Petition") and all amendment made thereto.

       2. Certain filings and pleadings in the In Re: LBJ Healthcare Partners Inc. Case No. 2:16-bk-15197-VZ.

       3. Certain filings and pleadings in the In Re: Brian Buenviaje Case No. 2:16-bk-15189-VZ.

5

4. Certain filings and pleadings in the In Re: Rosalinda T. Buenviaje Case No. 2:16-bk-15191-VZ.

5. Certain filings and pleadings in Adversary case styled Rosalinda Buenviaje v. Leticia L. Charnetsky, et al., Case No. 2:17-ap-01472-VZ.

6. Certain filing and pleading in Adversary case styled Leticia L. Charnetsky, et al. v. LBJ Healthcare Partners, Inc., Case No. 2:17-ap-15197-VZ.

7. Certain filings and pleadings in Adversary case styled Crewe Street Acquisition, LLC v. LBJ Healthcare Partners, Inc., Case No. 2:17-ap-01168-VZ.

8. Certain filings and pleadings in Adversary case styled Crewe Street Acquisition, LLC v. Brian Jay Buenviaje, Case No. 2:17-ap-01169-VZ.

9. Certain filings and pleadings filed in Adversary case styled Crewe Street Acquisition, LLC v. Rosalinda T. Buenviaje, Case No. 2:17-ap-01170-VZ.

10. Certain filings and pleadings filed in Adversary case styled Brian Buenviaje v. Leticia L. Charnetsky, et al., Case No. 2:17-ap-01266-VZ.

11. Certain filings and pleadings filed in Adversary case styled Rosalinda Buenviaje v. Leticia L. Charnetsky, et al., Case No. 2:17-ap-01236-VZ.

12. Certain documents filed in matter styled as Rosalinda Buenviaje et al., v. Wang Hatmann Gibbs & Cauley et al., Superior Court of California, County of Los Angeles Case No. BC470293.

13. All verified declarations and pleadings affirming the Yap claim.

14. Deed of Trust and Assignment of Rents as to APN 8031-006-069 recorded June 14, 2011 as document number 20110807580.

15. Deed of Trust and Assignment of Rents as to APN 4210-017-031 recorded June 14, 2011 as document number 20110807579.

16. April 2, 2008 Promissory Note between Rosalinda Buenviaje, Brian Buenviaje, LBJ Healthcare Partners, Inc. and Flora Yap in the amount of $75,000 on property located at 13749 Crewe Street, Whittier, CA.

17. April 24, 2008 Promissory Note between Rosalinda Buenviaje, Brian Buenviaje, LBJ Healthcare Partners, Inc. and Flora Yap in the amount of $70,000.

18. May 1, 2008 Promissory Note between Rosalinda Buenviaje, Brian Buenviaje, LBJ Healthcare Partners, Inc. and Flora Yap in the amount of $70,000.

19. May 14, 2008 Promissory Note between Rosalinda Buenviaje, Brian Buenviaje, LBJ Healthcare Partners, Inc. and Flora Yap in the amount of $70,000.

20. March 4, 2009 Promissory Note between Rosalinda Buenviaje, Brian Buenviaje, LBJ Healthcare Partners, Inc. and Flora Yap in the amount of $46,000.

21. March 4, 2009 Promissory Note between Rosalinda Buenviaje, Brian Buenviaje, LBJ Healthcare Partners, Inc. and Flora Yap in the amount of $95,560.

22. February 2017 Assignment of Claim, wherein Steven Yap, individually and on behalf of the Trust and Estate of Flora Yap irrevocably sells, conveys, transfers and assigns to Crewe Street Acquisition, LLC, all rights, title and interest in and to claim or claims of every kind and nature against Debtor.

23. January 30, 2017 Assignment of Deed of Trust and Assignment of Rights related to document number 20110807579.

24. January 30, 2017 Assignment of Deed of Trust and Assignment of Rights related to document number 20110807580.

25. Declaration of Kenneth L. Creal, CPA and supporting exhibits dated May 17, 2017 filed in case styled In Re: LBJ Healthcare Partners, Inc., Bankruptcy Case No. 2:16-bk-15197-VZ.

26. Appraisal of the Crewe Street Property prepared by Duff & Phelps, LLC.

27. Certain filings and pleadings filed in the matter styled Leticia L. Charnetsky, et al. v. Bay Shore Villa Healthcare Partners, Inc., et al.; Los Angeles County Superior Court Case No. BC448984.

28. Declarations of Thomas Tarter and Michael Deeba.

28. Witness: Brian Jay Buenviaje, Rosalinda Buenviaje, Brian Paya, Leticia Charnetsky, Victor Charnetsky (son to Leticia Charnetsky), Steven Yap, Joseph Cruse, Ken Creal, Thomas Tarter, Eric V. Anderton, Kenneth J. Catanzarite, Kurt Uhler, Hank Kars and Michael Deeba.

5. **Damages**

The damages in this case are a minimum of $412,000 combined with the damages in the cases of LBJ Healthcare Partners, Inc. and Rosalinda Buenviaje.   Defendants dispute there are any damages.

6. **Insurance**

8

Pursuant to both written and deposition testimony, there is no insurance coverage for the claims at issue in this case.

7. **Motions**

**Plaintiff's Position**:

At this time the parties do not anticipate filing any motions seeking to add other parties or claims, file amended pleadings, transfer venue, or filing any other such motions.

**Defendants' Position**:

Defendants anticipate the following motions: (1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, (2) Motion to Dismiss for Failure to Prosecute, (3) Motion to Consolidate Cases, (4) Motion(s) for Summary Judgment.

8. **Manual for Complex Litigation**

There is no need for the procedures of the Manual for Complex Litigation to be utilized.

9. **Status of Discovery**

**Plaintiff's Position**:

Plaintiffs have already completed most, and possibly all, of their discovery in the Bankruptcy Court before the reference was withdrawn to this Court. This includes depositions of all named defendants, except Eric Anderton, as well as written discovery, including three sets of document requests propounded by Plaintiff. Defendants have not propounded any discovery to date.

**Defendants' Position**:

Pursuant to the August 12, 2021 Bankruptcy Court Order, Case 2:19-ap-01230-VZ, Court Doc. No. 79: "All discovery must be completed by October 8, 2021, including service of written

9

responses and production of documents." October 8, 2021 passed by without any order extending the discovery cut off.

**10. Discovery Plan**

**Plaintiff's Position**:

It is uncertain at this point if any further discovery will be conducted. If so, it is anticipated to be minimal.

**Defendants' Position**:

Pursuant to the August 12, 2021 Bankruptcy Court Order, Case 2:19-ap-01230-VZ, Court Doc. No. 79: "All discovery must be completed by October 8, 2021, including service of written responses and production of documents." October 8, 2021 passed by without any order extending the discovery cut off.

**11. Discovery Cut-off**

**Plaintiff's Position**:

The parties propose a discovery cut-off of October 7, 2022.

**Defendants' Position**:

Pursuant to the August 12, 2021 Bankruptcy Court Order, Case 2:19-ap-01230-VZ, Court Doc. No. 79: "All discovery must be completed by October 8, 2021, including service of written responses and production of documents." October 8, 2021 passed by without any order extending the discovery cut off.

**12. Expert Discovery**

Neither party has designated any expert witnesses. The time for doing so has not yet run pursuant to F.R.C.P. 26(a)(2)(D). It is unknown at this time if either side will so designate.

**13. Dispositive Motions**

**Plaintiff's Position**:

At this time the parties are not aware of any dispositive motions to be filed.

**Defendants' Position**:

Defendants' anticipated Motion to Dismiss for lack of Subject Matter Jurisdiction, Motion to Dismiss for Failure to Prosecute and Motion(s) for Summary Judgment would be dispositive motions.

### 14. Settlement/Alternative Dispute Resolution

The parties have participated in a mediation in Bankruptcy Court and have had other settlement discussions which have not proven fruitful. Nor do the parties believe that any future settlement discussions would be useful.

### 15. Trial Estimate

Plaintiffs estimate a trial of nine to ten court days.

Defendants estimate a jury trial of five days.

### 16. Trial Counsel

The trial counsel for Plaintiff will be Robert M. Aronson of the Law Office of Robert M. Aronson. Trial counsel for Defendants will be Kenneth J. Catanzarite and Eric V. Anderton of the Law Office of Kenneth J. Catanzarite.

### 17. Independent Expert or Master

Masters are governed by Federal Rule of Civil Procedure 53 which states that their appointment is warranted by exceptional conditions or the need to perform an accounting or difficult damage computations. Those conditions are not present in this case. Therefore, there is no need for a Independent Expert or Master to be appointed.

### 18. Timetable (Exhibit A)

11

See Exhibit A attached.

Defendants' current unavailability is as follows:

6/24//22;
7/8/22;
7/12/22-7/13/22;
7/18/22;
7/20/22-7/21/22;
7/25/22-8/10/22;
8/15/22-8/19/22;
8/22/22; 8/26/22;
8/29/22-9/9/22;
9/15/22;
9/21/22
9/26/22-10/10/22;
10/21/2022 -10/28/2022;
11/10/22-11/25/22;
2/14/23;
2/22/23-3/3/23;
4/6/23;
4/10/23-4/28/23;
5/18/23;
6/8/23-6/16/23;
9/14/23;
9/18/23-9/26/23

**19. Amending Pleadings and Adding Parties**

The parties are not aware at this time of any amendments to the pleadings or any parties that should be added.

**20. Other Issues**

This lawsuit one of three interrelated suits against the same Defendants. The names and case numbers for the related actions are *LBJ Healthcare Partners, Inc. v. Leticia Charnetsky* et al. 5:21-cv-01906-JWH and *Rosalinda T. Buenviaje v. Leticia Charnetsky et al*. 5:21-cv-01903. All hearings and the trials in these cases are so interrelated that all matters should be scheduled together.

**21. Consent to Proceed Before Magistrate Judge**

12

Under United States District Court Local Rule 73-2.4.1 cases originally filed in District Court may be assigned to a Magistrate Judge.  The present matter was originally in bankruptcy court and with the reference withdrawn, it is now in the above captioned court.  It has never been assigned to a Magistrate Judge.  Therefore, no consent is required.  Plaintiff does not consent to a Magistrate Judge.

Dated: June  24 , 2022                    **ANYAMA LAW FIRM, APC.**

By: *Onyinye N. Anyama*
Onyinye N. Anyama
Attorney for Plaintiff, Brian Jay Buenviaje

Dated: June _____, 2022                    **CATANZARITE LAW CORPORATION**

By: _____
    Eric Anderton, Attorney for:
- Leticia L. Charnetsky
- Victor C. Charnetsky
- The Family Trust of Victor C. Charnetsky and Leticia L. Charnetsky
- Crewe Street Acquisition, LLC
- Victor S. Charnetsky
- Catanzarite Law Corporation
- Kenneth J. Catanzarite
  Eric V. Anderton

13

Under United States District Court Local Rule 73-2.4.1 cases originally filed in District Court may be assigned to a Magistrate Judge. The present matter was originally in bankruptcy court and with the reference withdrawn, it is now in the above captioned court. It has never been assigned to a Magistrate Judge. Therefore, no consent is required. Plaintiff does not consent to a Magistrate Judge.

Dated: June ___, 2022            **ANYAMA LAW FIRM, APC.**

By:_____
    Onyinye N. Anyama, Attorney for Plaintiff
    Brian Jay Buenviaje.

Dated: June  24 , 2022            **CATANZARITE LAW CORPORATION**

By: _____
    Eric Anderton, Attorney for:
- Leticia L. Charnetsky
- Victor C. Charnetsky
- The Family Trust of Victor C. Charnetsky and Leticia L. Charnetsky
- Crewe Street Acquisition, LLC
- Victor S. Charnetsky
- Catanzarite Law Corporation
- Kenneth J. Catanzarite
- Eric V. Anderton

# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 5:21-cv-01907-JWH | | |
|---|---|---|---|
| Case Name: | Brian Jay Buenviaje  v  Charnetsky | | |
| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
| X Jury Trial *or* ☐ Bench Trial **(Monday at 9:00 a.m.)** Length: 10 days | 2/6/2023 | (5 day Jury Trial) 12/05/2022 | |
| Final Pretrial Conference [L.R. 16] **(Friday−17 days before trial date)** | 1/20/2023 | Due to unavailability 11/9/2022 or 11/28/2022 | |
| Hearing on Motions *in Limine* **(Friday−7 days before Final PTC)** | 1/13/2023 | 11/28/2022 | |
| Last Date to Hear Non-Discovery Motions | 1/13/2023 | | |
| Last Date to Conduct Settlement Conference | 12/9/2022 | | |
| All Discovery Cut-Off (including hearing all discovery motions) | 10/7/2022 | | |
| Expert Disclosure (Rebuttal) | 8/22/2022 | 8/22/2022 | |
| Expert Disclosure (Initial) | 8/1/2022 | 8/1/2022 | |

ADR [L.R. 16-15] Settlement Choice:

☐   Attorney Settlement Officer Panel

☐   Private Mediation

☒   Magistrate Judge

−8−

| In re:<br>**Brian Jay Buenviaje v Charnetski** | Debtor(s). | Case No: **5:21-cv-01907-JWH** |
|---|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**18000 Studebaker Road**
**Suite 325**
**Cerritos, CA 90703**

A true and correct copy of the foregoing document entitled (*specify*):   **JOINT RULE 26(F) REPORT**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **6/27/2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **6/27/2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Conformed Copy to be delivered per L.R., Ch. IV, Rule 9:**

**HONORABLE VINCENT P. ZURZOLO**
**U.S. BANKRUPTCY JUDGE**
255 E. Temple Street, Suite 1360,
Los Angeles, CA 90012

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Robert M Aronson on behalf of Interested Party LBJ Healthcare Partners Inc.**
*robert@aronsonlawgroup.com, info@aronsonlawgroup.com; robert@ecf.inforuptcy.com; r55297@notify.bestcase.com*

**Nicolas Gebelt on behalf of interested party Rosalinda Buenviaje**
*ngebelt@goodbye2debt.com*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/27/2022 | **Onyinye N. Anyama** | */s/ Onyinye N. Anyama* |
|---|---|---|
| Date | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012* **9013-3.1.PROOF.SERVICE**

| In re: **Brian Jay Buenviaje v Charnetsky** Debtor(s). | CASE NUMBER **5:21-cv-01907-JWH** |
|---|---|

**ADDITIONAL SERVICE LIST:**

**Leticia & Victor C. Charnetsky and the Charnetsky Trust,**
15905 Columet Court,
Riverside, CA 92506


**Victor S Charnetsky,**
3891 Polk Street,
Riverside, CA 92505


**Crewe Street Acquisition, Kenneth Catanzarite, Eric Anderton, and Catanzarite Law Corp,**
2331 W. Lincoln Avenue.
Anaheim, CA 92801-5103


**Office of The United States Trustee,**
915 Wilshire Blvd., Suite 1850,
Los Angeles, CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 9013-3.1**